

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

---

No. 02-24-00075-CR

---

JONATHAN HOWARD, Appellant

V.

THE STATE OF TEXAS

---

On Appeal from the 396th District Court
Tarrant County, Texas
Trial Court No. 1679621

---

Before Sudderth, C.J.; Womack and Wallach, JJ.
Memorandum Opinion by Chief Justice Sudderth
Justice Womack concurs without opinion

**MEMORANDUM OPINION**

Appellant Jonathan Howard was riding in a vehicle with several of his fellow gang members when they drove up beside Quiton Murray's car and shot Murray dead. A jury convicted Howard of murdering Murray and of engaging in organized criminal activity by committing the crime.[1] *See* Tex. Penal Code Ann. §§ 19.02(b), 71.02(a)(1). Howard appeals, challenging the sufficiency of the evidence and arguing that the trial court twice erred by failing to conduct Rule 403 balancing tests before admitting objected-to evidence. *See* Tex. R. Evid. 403. Because Howard's sufficiency complaint is inadequately briefed, and because the trial court did, in fact, conduct the Rule 403 balancing tests, we will affirm.

## I. Sufficiency Challenge: Inadequately Briefed

Howard first asserts that the evidence was insufficient "to establish that [he] did commit the offense of murder" because "[t]he State did not show that [he] was a party to, encouraged[,] or participated in the killing of Murray." Beyond these two statements, though, Howard provides no explanation or analysis of his complaint.

An appellant's brief is required to, at a bare minimum "acquaint the court with the issues" and "present argument that will enable the court to decide the case." Tex. R. App. P. 38.9. Yet, Howard's sufficiency complaint does not specify which theory of commission or liability he takes issue with or which element(s) of the challenged

---

[1]The trial court assessed Howard's punishment, sentencing him to 60 years' confinement for each offense.

theory he finds wanting. *See Mosley v. State*, 666 S.W.3d 670, 679 (Tex. Crim. App. 2023) (holding appellant's challenges were inadequately briefed because "[a]ppellant provide[d] only conclusory arguments"); *Stevens v. State*, Nos. 02-10-00139-CR, 02-10-00140-CR, 02-10-00141-CR, 2011 WL 5119572, at *4 (Tex. App.—Fort Worth Oct. 27, 2011, no pet.) (per curiam) (mem. op., not designated for publication) (holding sufficiency challenge inadequately briefed when appellant "d[id] not set forth the elements of the offenses" or "provide any argument . . . or substantive analysis as to how the evidence [wa]s insufficient to support any of the elements of those offenses").

This is particularly problematic given the web of alternative-but-related legal theories supporting the jury's general verdicts. The offense of murder relied on two alternative theories of commission: (1) intentionally or knowingly causing Murray's death or (2) intending to cause serious bodily injury while committing an act clearly dangerous to human life that caused Murray's death. Tex. Penal Code Ann. § 19.02(b)(1), (b)(2). And the jury was authorized to convict Howard under multiple theories of liability: (1) as the primary actor; (2) as a party who, "acting with [the] intent to promote or assist the commission of the offense, . . . solicit[ed], encourage[d], direct[ed], aid[ed], or attempt[ed] to aid the other person [in] commit[ting] the offense"; or (3) as a conspirator if the offense was committed "by one of the [other] conspirators" in an "attempt to carry out a conspiracy to commit [another] felony" and "in furtherance of the [conspiracy's] unlawful purpose" and if

3

the offense "should have been anticipated as a result of the carrying out of the conspiracy." *Id.* §§ 7.01(a), 7.02(a)(2), (b).

The jury could have convicted Howard under any of these theories, so from Howard's vague assertion that he "was [not] a party to, encouraged[,] or participated in," we cannot determine what theory or element he challenges. Is he disputing the intent required for party responsibility, i.e., his "intent to promote or assist" in the murder? *See id.* § 7.02(a)(2). Or is he claiming that, regardless of his intent, he was not a party because he did not "solicit[], encourage[], direct[], [or] aid" the offense? *See id.* And, by referencing "participat[ion]," does Howard intend to dispute the sufficiency of the evidence to show that he "participat[ed]" in the murder as the primary actor?[2] *See id.* § 7.01(a).

Such guesswork is not our role. *See Alvarado v. State*, 912 S.W.2d 199, 210 (Tex. Crim. App. 1995) (holding issue inadequately briefed and noting that "it is not our task to speculate as to the nature of an appellant's legal theory"). We cannot and will

---

[2]Even liberally construed, Howard's vague complaint makes no mention of the State's theory that he was part of a conspiracy to commit another felony when a conspirator committed the murder. *See* Tex. Penal Code Ann. § 7.02(b). Separate and apart from Howard's inadequate briefing, then, his sufficiency complaint fails because he does not challenge all of the alternative theories supporting the verdicts. *See Anderson v. State*, 416 S.W.3d 884, 889 (Tex. Crim. App. 2013) (recognizing that, "[w]hen the charge authorizes the jury to convict the defendant on more than one theory . . . the verdict of guilt will be upheld if the evidence is sufficient [or unchallenged] on any theory authorized by the jury charge"); *Maloy v. State*, No. 02-23-00302-CR, 2024 WL 4631290, at *2 (Tex. App.—Fort Worth Oct. 31, 2024, no pet.) (mem. op., not designated for publication) (similar).

not make Howard's argument for him. *See Hall v. State*, 663 S.W.3d 15, 35 (Tex. Crim. App. 2021) (reiterating that "[w]e will not make [the a]ppellant's argument for him"); *Wolfe v. State*, 509 S.W.3d 325, 343 (Tex. Crim. App. 2017) (cautioning that "an appellant is the master of his . . . own destiny" in determining appellate issues and "given this wide latitude . . . , an appellate court has no obligation to construct and compose [an] appellant's issues, facts, and arguments" (internal quotation marks omitted)).

Even if we were tempted to flesh out Howard's argument for him, such an effort would be in vain, given the other deficiencies in his briefing. An appellant is responsible for supporting his brief with "appropriate citations to [relevant] authorities," *cf.* Tex. R. App. P. 38.1(i) (requiring an appellant's brief to accompany argument "with appropriate citations to authorities"), but the only sufficiency-related case law that Howard cites is that for the standard of review—which, we might add, Howard largely misstates.[3] *See Hall*, 663 S.W.3d at 35; *Bohannan v. State*, 546 S.W.3d

---

[3]Howard recites the factual sufficiency standard of review, relying on *Clewis v. State*, 922 S.W.2d 126 (Tex. Crim. App. 1996), which has been overruled for more than a decade. *See Brooks v. State*, 323 S.W.3d 893, 895, 911–12 (Tex. Crim. App. 2010) (plurality op.); *Arnold v. State*, No. 02-23-00128-CR, 2023 WL 8940397, at *6 n.21 (Tex. App.—Fort Worth Dec. 28, 2023, no pet.) (mem. op., not designated for publication) (explaining that "*Clewis* was overruled by *Brooks*").

We called out similar errors in the appellants' briefs in *Vandewege* and *Page*. *See Vandewege v. State*, No. 02-21-00156-CR, 2024 WL 2854767, at *5 n.7 (Tex. App.—Fort Worth June 6, 2024, pet. ref'd) (mem. op., not designated for publication) (noting that appellant relied upon the "defunct factual-sufficiency standard" under *Clewis*); *Page v. State*, No. 02-17-00019-CR, 2017 WL 4819404, at *1 n.2 (Tex. App.—

5

166, 179–80 (Tex. Crim. App. 2017) (holding issue inadequately briefed when appellant made "conclusory" assertions and "d[id] not [provide] any citations to appropriate authorities").

His record citations are similarly lacking. *Cf.* Tex. R. App. P. 38.1(i) (requiring an appellant's brief to accompany argument "with appropriate citations . . . to the record"). Howard's sufficiency argument contains one lone record citation, and that citation points us to "RR Vol. III–VI"—the entirety of the guilt–innocence phase, plus voir dire.[4] *See Maloy*, 2024 WL 4631290, at *2 (holding two-sentence challenge to alternative theory of murder was inadequately briefed when appellant "offhandedly reference[d] it without any citations to relevant case law or to the record"). Indeed,

_____

Fort Worth Oct. 26, 2017, pet. ref'd) (mem. op., not designated for publication) (noting appellant's reliance on *Clewis* and clarifying that "we are bound by . . . *Brooks* . . . , which overruled *Clewis*"). And the same attorney who represented the appellants in those cases also represents Howard here, lodging strikingly similar sufficiency complaints in all three cases. *See Vandewege*, 2024 WL 2854767, at *1; *Page*, 2017 WL 4819404, at *1. Yet, just a few months after we handed down our opinion in *Vandewege*, Howard's counsel filed his brief in this appeal, again relying on *Clewis*.

Counsel would be wise to discontinue this practice. *See* Tex. Disciplinary Rules Prof'l Conduct R. 3.03 & cmt. 3, *reprinted in* Tex. Gov't Code Ann., tit. 2, subtit. G, app. A (providing that attorney's duty of candor includes a "duty to disclose directly adverse authority in the controlling jurisdiction" and stating that "[l]egal argument based on a knowingly false representation of law constitutes dishonesty toward the tribunal").

[4]The record citations in Howard's statement of facts are only marginally better. *Cf.* Tex. R. App. P. 38.1(g) (requiring statement of facts to "be supported by record references"). In that section of his brief, he provides just three record citations: one to the judgments, one of his notice of appeal, and one to "RR. Vol. III–VI"—the entirety of voir dire and the guilt–innocence phase.

6

the glaring absence of meaningful record citations independently undermines the adequacy of Howard's briefing, as "it is not our task to pore through hundreds of pages of record in an attempt to verify an appellant's claims." *Alvarado*, 912 S.W.2d at 210 (holding issue inadequately briefed when appellant "fail[ed] to cite the pages in the record where the alleged errors are shown"); *see Stevens*, 2011 WL 5119572, at *4 (noting in sufficiency context that, "[i]f a party does not refer the appellate court to the pages in the record where the error allegedly occurred, the appellate court may properly overrule the point as inadequately briefed").

Because Howard has failed to "acquaint the court with the [sufficiency] issues" he intends to raise, to "present argument that will enable the court to decide the case," to provide "appropriate citations to authorities," or to provide "appropriate citations . . . to the record," his sufficiency complaint is inadequately briefed and presents nothing for our review. *See* Tex. R. App. P. 38.1(i), 38.9; *see also Stevens*, 2011 WL 5119572, at *4 (holding sufficiency challenge inadequately briefed when appellant "d[id] not set forth the elements of the offenses" or "provide any argument, record references, or substantive analysis as to how the evidence [wa]s insufficient to support any of the elements of those offenses").

We overrule this issue.

## II. Rule 403 Challenges: No Error

Howard next raises two evidentiary issues: one related to the admission of a video exhibit and the other related to the admission of testimony from a police

officer. According to Howard, because he raised Rule 403 objections to these two items of evidence, the trial court was required to conduct balancing tests to determine whether each item was more prejudicial than probative, and the trial court abused its discretion by failing to conduct the balancing tests.[5] *See* Tex. R. Evid. 403 (providing that "[t]he court may exclude relevant evidence if its probative value is substantially outweighed by a danger of . . . unfair prejudice"); *Williams v. State*, 958 S.W.2d 186, 195–96 (Tex. Crim. App. 1997) ("Once a Rule 403 objection as to prejudice versus probative value is invoked, the trial judge has no discretion as to whether or not to engage in the balancing test required by that [R]ule."). But the trial court did conduct the two balancing tests—one explicitly and the other implicitly.[6]

Regarding the first allegedly absent Rule 403 balancing test—that preceding the admission of a video exhibit—the trial court not only conducted the test but did so on the record. Howard requested an oral recitation of the balancing test, and the trial

---

[5]Howard does not appear to challenge the substance or sufficiency of either balancing test; rather, he denies that the tests occurred.

[6]We assume without deciding that Howard's objections were sufficiently specific to preserve his balancing-test complaints. *Cf. McNeil v. State*, No. 02-22-00277-CR, 2023 WL 8268054, at *4 (Tex. App.—Fort Worth Nov. 30, 2023, no pet.) (mem. op., not designated for publication) (holding Rule 403 objection insufficiently specific to preserve error but that, regardless, trial court was presumed to have engaged in balancing test); *Warren v. State*, No. 02-17-00221-CR, 2018 WL 3764069, at *5–6 (Tex. App.—Fort Worth Aug. 9, 2018, pet. ref'd) (mem. op., not designated for publication) (holding that objection "under [R]ule 403 without further specificity" was insufficiently specific to preserve balancing-test complaint); *Page*, 2017 WL 4819404, at *2–3 (holding that Rule 403 objection was insufficiently specific to preserve appellate complaints that trial court failed to conduct balancing tests).

8

court obliged, explaining that, "other than just the congregation of the people [shown in the video], [the court] didn't see anything that was overly . . . [p]rejudicial" in the video, and since Howard's crimes involved "a question of engaging in . . . organized criminal activity," the video was relevant. Howard seemingly accepted this explanation as sufficient; rather than pointing out additional prejudicial aspects of the video or asking the trial court to expound, Howard simply responded, "Yes, Your Honor." Considering the trial court's express recitation of this Rule 403 balancing test, Howard's appellate complaint that the test did not occur is puzzling—and more to the point, meritless.[7]

As for the second allegedly absent Rule 403 test—that pertaining to a police officer's testimony—the trial court did not reason through its analysis on the record as it did for the video exhibit, but doing so was not necessary. The court was neither required to enunciate its analysis, nor did Howard ask it to do so. *See Williams*, 958 S.W.2d at 195–96 (recognizing that a trial court "is not required to *sua sponte* place any findings [it] makes or conclusions [it] draws when engaging in this test into the record"); *McNeil*, 2023 WL 8268054, at *4 (similar, noting that appellant did not ask trial court to put balancing test on the record). And when the record is silent in this regard, the trial court "is presumed to [have] engage[d] in the required balancing test"

---

[7]Attorneys have an ethical obligation to refrain from "assert[ing] or controvert[ing] an issue [in a legal proceeding] unless the lawyer reasonably believes that there is a basis for doing so that is not frivolous." Tex. Disciplinary Rules Prof'l Conduct R. 3.01, *reprinted in* Tex. Gov't Code Ann., tit. 2, subtit. G, app. A.

before ruling on the Rule 403 objection. *Williams*, 958 S.W.2d at 195–96 ("refus[ing] to hold that the silence of the record implies otherwise"). The allegedly absent balancing test is therefore presumed to have occurred.

Because the two Rule 403 balancing tests that Howard claims did not occur did, in fact, occur—one expressly and the other presumptively—we overrule his Rule 403 challenges.

### III. Conclusion: Affirmed

Having overruled all of Howard's appellate issues, we affirm the judgments of conviction. *See* Tex. R. App. P. 43.2(a).

/s/ Bonnie Sudderth

Bonnie Sudderth
Chief Justice

Do Not Publish
Tex. R. App. P. 47.2(b)

Delivered: January 2, 2025